**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4474

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

STEVEN ANTONIO MARTIN, a/k/a Yola Red, a/k/a Billy Suwoo,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00042-FL-1)

Submitted:  February 28, 2018             Decided:  March 6, 2018

Before KING, DUNCAN, and AGEE, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Antonio Martin pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a sentence of 64 months' imprisonment, which fell within the Sentencing Guidelines range established by the district court. On appeal, Martin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in concluding that Martin's prior conviction for North Carolina conspiracy to commit robbery with a dangerous weapon qualified as a crime of violence conviction for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2(a) (2016). The Government has moved to dismiss Martin's appeal based upon a waiver of appellate rights in his plea agreement.

We conclude that the appeal waiver contained in Martin's plea agreement is valid, as he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Martin waived the right to appeal his conviction, any issue related to the establishment of the Guidelines range, and any sentence within or below that range. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to any issues within the scope of the waiver that are waivable by law, including counsel's challenge to the USSG § 2K2.1(a)(4)(A) enhancement. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are outside of the scope of the appeal

2

waiver or not waivable by law. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*,
*AFFIRMED IN PART*

3